UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 4:02CR00602 SNL (AGF) |
| GARY EVANS, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on the pretrial motion filed by Defendant, Gary

Evans.  Pretrial matters were referred to the undersigned United States Magistrate Judge

under 28 U.S.C. § 636(b).  The case is scheduled for trial on April 17, 2006, at 9:30 a.m.,

before the Honorable Stephen N. Limbaugh.

Defendant filed a motion for a bill of particulars, pursuant to Rule 7(f),

Fed.R.Crim. P.  (Doc. No. 13).  A hearing on Defendant's motion was held on February

17, 2006.  The government was represented by Assistant United States Attorney John T.

Davis.  Defendant was present and represented by his attorneys, Karl Dickhaus, who was

present in court, and Debra J. Rice, who participated by telephone conference.

Defendant is charged in a one count indictment with conspiring to distribute

marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  The conspiracy is alleged to

have occurred beginning on or about June 1, 1997, and continuing to and including the

date of the indictment, which was filed on December 5, 2002.  The indictment alleges

that Defendant conspired with six named individuals – Leonard S. Evans, John Burke,

Charles Settle, Willie Evans Elliott, Adam Reed and Katharina M. Reed  – and other

persons known and unknown to the grand jury.  The quantity of marijuana alleged to be

involved in the offense was in excess one thousand (1,000) kilograms.

In his written motion, Defendant requests quite detailed information, including:

the exact language used by the defendants which allegedly indicated he willfully and

knowingly agreed to commit the crime alleged; the specific dates upon which defendants

allegedly committed each offense (presumably referencing each overt act); the addresses

and apartment numbers where the defendants committed the crimes; the names and

addresses of persons present or listening when the defendants committed the crimes; each

of the acts committed by each of the conspirators, including which conspirator

participated in each act, the purpose of the act, the date and place of the act, and the

names and addresses of witnesses present; the date, time, and place at which Gary Evans

first manifested his part of the conspiracy; the date, time, and place of Defendant Evans'

last act in furtherance of the conspiracy; and the names of all unindicted coconspirators.

In response, the government states that it has already provided Defendant with

some of the information requested.  The government has also advised Defendant that the

case is related to the previous prosecution of the coconspirators named in the indictment,

United States v. Adam Reed, et. al, No. S1-4:02CR249 SNL (MLM).  It has also

represented to defense counsel that evidence from that case, derived mostly from the

statements of cooperating co-defendants, indicated that Defendant Gary Evans was the ringleader of the conspiracy. Apparently Defendant Evans could not be located at the time of that prosecution and was charged separately. The government has provided Defendant with discovery from the <u>Reed</u> case.[1] Included among that discovery are police reports and other agent summaries detailing two seizures, one in Omaha and one in Phelps County, which involved a total of 250 pounds of marijuana to which Defendant is purportedly connected.

The government also agreed to provide the statements of any cooperating co-defendants who will be called to testify, which statements are in the nature of <u>Jencks</u> materials, no later than the Friday before trial, and to disclose all impeaching information, including any prior records of the witnesses and any monetary payments made to such witnesses, at least one week before trial.

The determination of whether to grant a bill of particulars is committed to the sound discretion of the court. <u>United States v. Sileven</u>, 985 F.2d 962, 966 (8th Cir. 1993). The primary purpose of a bill of particulars is to apprise the defendant of the nature of the charges against him and to prevent or minimize the element of surprise at trial. <u>United States v. Wessels</u>, 12 F.3d 746, 750 (8th Cir. 1993), <u>cert. denied</u>, 513 U.S. 831 (1994). The purpose of a bill of particulars is not discovery or to provide detailed

---

[1] At the hearing, the government further advised that some or all of the defendants in the <u>Reed</u> case entered guilty pleas, and any stipulations of fact relative to sentencing, not filed under seal, will also be provided to Defendant.

disclosure of the government's evidence at trial.  Id.; accord, United States v. Matlock,
675 F.2d 981, 986 (8th Cir. 1982) (same); United States v. Hill, 589 F.2d 1344, 1352 (8th
Cir.), cert. denied, 442 U.S. 919 (1979).  Moreover, as the government correctly notes,
nothing entitles a defendant to a list of all overt acts related to the conspiracy, the exact
date when the conspiracy began, or the names of all coconspirators.  United States v.
DiCesare, 765 F.2d 890, 897-98 (9th Cir.), amended on other grounds, 777 F.2d 543 (9th
Cir. 1985); accord, United States v. Sellers, 603 F.2d 53, 56 (8th Cir. 1979) (defendants
not entitled to disclosure of every act in furtherance of the conspiracy), vacated on other
grounds, 447 U.S. 932 (1980) (sentencing), aff'd in all other respects, 628 F.2d 1085 (8th
Cir. 1980); United States v. Long, 449 F.2d 288, 294-95 (8th Cir. 1971) (effort by
defendants to establish exact times of act through bill of particulars, in order to establish
alibis, properly denied).  Nor is a defendant entitled to a list of the government's
anticipated witnesses at trial in a non-capital case.  United States v. White, 750 F.2d 726,
728 (8th Cir. 1984); Sellers, 603 F.2d at 57.

Under this standard, it is clear that Defendant's written motion should not be
granted.  The information requested goes well beyond what Rule 7(f) contemplates and
essentially seeks all of the government's evidence in support of its case.  The indictment
here advises Defendant of the nature of the conspiracy, its time frame and purpose, the
quantity of marijuana involved, and the names of six of the coconspirators.  That
information, together with the discovery presented from the Reed case, is sufficient to
advise Defendant of the nature of the charge and to permit a fair defense.  The witness

statements he will receive prior to trial will further minimize any chance of surprise.

Perhaps recognizing the over-breadth of his request, Defendant narrowed the scope of what he is now requesting at the hearing. Defense counsel stated that he is not seeking Jencks materials, nor is he seeking a detailed listing of all overt acts. Rather, he is requesting more generic information regarding the nature of his involvement and how he is supposedly connected to the larger quantity of 1,000 kilograms of marijuana alleged, as opposed to the 250 pounds disclosed in the discovery. Defense counsel agreed that generalized information that does not disclose the source of the information should suffice. Counsel for the government responded that he has had numerous conversations with Moses Hall, co-counsel with Ms. Rice, in which he has already provided this information.

In light of the government's representation, the Court can perceive no harm in repeating such information in writing. At the hearing, the Court requested that the government summarize the information it has previously presented orally in a letter to defense counsel, to the extent such information could be disclosed without disclosing the identity of cooperating witnesses, and the government agreed it would do so. See United States v. Hernandez, 299 F.3d 984, 990 (8th Cir. 2002) (informal disclosure of information sufficient to preclude surprise). The letter should advise Defendant, in general, of both the manner in which the alleged conspiracy involved a quantity of marijuana in excess of 1,000 kilograms and the nature of this particular Defendant's alleged connection to those amounts. Assuming – but not finding – that Defendant is

entitled to any detail beyond what he has already received, such a letter would seem to provide the information Defendant now claims he is requesting.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion for a Bill of Particulars [Doc. No. 13] be **denied**.

The parties are advised that they have ten (10) days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir.1990).

AUDREY G. FLEISSIG
United States Magistrate Judge

Dated this 23rd day of February, 2006.